Patty A. Ferguson-Bohnee (SBN 020996)
Patty.Ferguson@SacksTierney.com
Judith M. Dworkin (SBN 010849)
Judith.Dworkin@SacksTierney.com
Joe W. Keene (SBN 032623)
Joe.Keene@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600

Ethel B. Branch (No. 026717)
ebranch@nndoj.org
Paul Spruhan (No. 02513)
pspruhan@nndoj.org
Navajo Nation Dept. of Justice
P.O. Drawer 2010
Window Rock, Arizona 86515
Telephone: (928) 871-6210
Facsimile: (928) 871-6177
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Navajo Nation, a federally recognized Indian Tribe; Joyce Nez, an individual; Denise Johnson, an individual; Ashley Atene, Sr., an individual; Irene Roy, an individual; Bonnie Tsosie, an individual; and Dale Smith, an individual,<br><br>           Plaintiffs,<br><br>    v.<br><br>Michele Reagan, in her official capacity as Secretary of State for the State of Arizona; Edison J. Wauneka, in his official capacity as Apache County Recorder; Angela Romero in her official capacity as Apache County Elections Director; Doris Clark in her official capacity as Navajo County Recorder, Rayleen Richards, in her official capacity as Navajo County Elections Director; Mark Mayrand in his official capacity as Coconino County Elections Director; and Patty Hansen, in her official capacity as Coconino County Recorder,<br><br>           Defendants. | No.<br><br>**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO SET HEARING ON PRELIMINARY INJUNCTION** |

2268952.v1

Plaintiffs Navajo Nation and Joyce Nez and Ashley Atene, Sr., by and through undersigned counsel, respectfully move this Court for emergency relief under Federal Rules of Civil Procedure 65(a) and 65(b) in order to secure the rights and privileges of Navajo voters as guaranteed by the Fourteenth Amendment to the United States Constitution and the Voting Rights Act.  Plaintiffs request that this Court enter a Temporary Restraining Order and Preliminary Injunction enjoining all Defendants from rejecting ballots of voters in Navajo, Apache, and Coconino Counties who are otherwise qualified to vote in order to allow Navajo voters an opportunity to cure deficiencies in the early ballots cast in accordance with the rights of other Arizona voters.  Plaintiffs are substantially likely to succeed on the merits of all their claims.  Without injunctive relief, which is in the public interest and which does not disfavor the government Defendants, Plaintiffs and their members will be irreparably harmed.  Plaintiffs request a hearing to address these issues and request that this Court issue an Order to Show Cause as to why the requested relief should not be granted.  In support thereof, Plaintiffs state as follows:

1. On November 20, 2018, Plaintiffs filed their Verified Complaint for Injunctive and Declaratory Relief, alleging that individual Tribal Member Plaintiffs are entitled to relief from this Court for violations of their rights, and Plaintiff Navajo Nation is entitled to relief on behalf of its members and constituents – under the First and Fourteenth Amendments to the United States Constitution, and pursuant to 42 U.S.C. § 1983, and 52 U.S.C. § 10301.

2. Plaintiffs seek a temporary restraining order and preliminary injunction enjoining Defendants, their officers, employees, and agents; all persons acting in concert or participation with Defendants, or under Defendants' supervision, direction or control; and all other persons within the scope of Federal Rule of Civil Procedure 65, from enforcing Arizona Revised Statutes §16-642, §16-645, §16-646.  Plaintiffs further request that the Court toll the deadline for certifying the election results under Arizona Revised Statutes §16-648 and §16-650, until this matter can be heard, in order to ensure that all unsigned and mismatched early ballot voters are given an opportunity to correct the ballot

discrepancies and their ballots are included in the submitted results. If any Defendants have already certified election results, Plaintiffs request that the Court direct these Defendants to allow Navajo voters an opportunity to cure the deficiencies and to certify and file corrected returns.

3. Federal Rule of Civil Procedure 65 provides for the issuance of a temporary restraining order and preliminary injunction under circumstances such as those that exist in the present case.

4. In support of this motion, Plaintiffs submit a Memorandum of Law addressing all necessary elements for the entry of a preliminary injunction.

5. Plaintiffs request that the Court expeditiously rule on this motion to ensure that no voters are unfairly and arbitrarily disenfranchised.

6. On November 9, 2018, the parties in *Maricopa County Republican Party v. Reagan* reached a settlement in state court allowing additional time for all voters in Arizona's fifteen counties to cure signature match issues on early ballots. The Navajo Nation subsequently learned that the ability to cure signature match issues in Navajo, Apache, and Coconino County did not apply to early voters who failed to sign the ballot affidavit, resulting in early ballots being rejected. Further, Apache County was closed during the cure period, effectively denying Apache County voters with mismatched signatures the opportunity to cure ballots.

7. As set forth in the contemporaneously-filed Complaint and Memorandum of Points and Authorities, the acts and omissions of Defendants have already denied or impaired Navajo Nation's members' right to vote in violation of federal and Arizona state law, and threaten to disenfranchise hundreds of members of the Navajo Nation who exercised their fundamental right to vote only to have their votes not counted.

Specifically, Defendants (i) refused the Navajo Nation's request to establish early voting sites on the Navajo Reservation ("Reservation"); (ii) failed to provide translators at early voting sites on the Reservation who are proficient in the Navajo language; and (iii) refused to count the ballots cast by Navajo Nation Tribal Members for the 2018

3

2268952.v1

election because they failed to sign their envelopes or were disqualified due to signature mismatch. Other early ballot deficiencies were authorized to be corrected by November 14, 2018. The Defendants' aforementioned acts deprived the Plaintiffs of their rights under the Fourteenth Amendment to the United States Constitution, the Arizona Constitution, and Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Additionally, the Defendants' acts violated the Plaintiffs' First Amendment rights because the Plaintiffs' political speech and expression, their votes, were not counted.

8. Because the Election is over and ballots are now being counted, relief can only be had by this Court. Unless this Court immediately issues an Order demanding that the Navajo Nation members be provided an opportunity to cure ballot deficiencies and that Trial Members' ballots be counted, the unlawful practices by Defendants will continue to occur, permanently depriving Plaintiffs and other lawful voters of their right to vote in the November 6, 2018 election. Such deprivation necessarily is an irreparable injury.

9. The balance of hardships, and the impact on the public interest, weigh strongly in favor of granting emergency relief.

10. Absent emergency relief, the Navajo Nation members face the irreparable loss of their votes being counted in the November 6, 2018 election. No other legal remedies are available.

WHEREFORE, for the foregoing reasons, and for those set forth in Plaintiffs' supporting memorandum of law,

A. Plaintiffs respectfully move that the Court enter a temporary restraining order and preliminary injunction enjoining Defendants and their officers, employees, agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control; and all other persons within the scope of Federal Rule of Civil Procedure 65, from rejecting early ballots on the basis of signature mismatch or blank affidavits.

B. Plaintiffs further request that Navajo voters in Apache, Coconino, and Navajo Counties be given an effective opportunity to cure their ballot deficiencies.

4

2268952.v1

C.  Plaintiffs further request that the Court toll the deadline for certifying the local and county elections in Apache, Coconino, and Navajo Counties as well as the state elections until this matter can be heard, in order to ensure that all ballots are counted and included in the official election results.  If any Defendants have already certified election results, Plaintiffs respectfully request that this Court order such Defendants to allow Navajo voters an opportunity to cure the ballot deficiencies and to certify and file corrected returns after the opportunity to cure has passed.

D.  Plaintiffs request any further relief that the Court deems just and proper.

E.  Plaintiff further moves for a waiver of security required under Fed. R. Civ. P. 65(c), or for a nominal security, because Defendants will suffer no significant harm by being ordered to count the votes cast by Navajo Nation members.

The undersigned counsel for Plaintiff has provided notice of this Motion to Defendants by sending email copies to each of the Defendants at publicly-available email addresses and to the attorneys representing each of the defendant counties and to the Attorney General.

DATED this 20th day of November, 2018.

SACKS TIERNEY P.A.

By: *s/ Patty A. Ferguson-Bohnee*
Patty A. Ferguson-Bohnee
Judith M. Dworkin
Joe Keene

and

Ethel B. Branch
Paul Spruhan
NAVAJO NATION DEPARTMENT OF JUSTICE

*Attorneys for the Navajo Nation*

2268952.v1

CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, I electronically transmitted the foregoing **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO SET HEARING ON PRELIMINARY INJUNCTION** to the Clerk's Office using the CM/ECF System for filing.

*s/ Rebecca C. Urias*

2268952.v1