IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation, et al.,<br><br>                   Plaintiffs,<br><br>vs.<br><br>Michele Reagan, et al.,<br><br>                   Defendants. | No. CV-18-08329-PCT-DWL<br><br>**PRELIMINARY ORDER** |

The parties are advised of the following preliminary policies and procedures that will govern these proceedings.

### Governing Rules

Both counsel and *pro se* litigants must abide by the Rules of Practice of the U.S. District Court for the District of Arizona ("Local Rules") and the Federal Rules of Civil Procedure.

### Service Deadline

Service of the summons and complaint on each defendant must occur within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service cannot occur within 90 days, a request for an extension may be filed *before* expiration of the 90-day period. Any such request must set forth the reason why service has not been accomplished and request a specific short additional period of time. If the Court believes your reason constitutes "good cause," it will authorize a brief additional period to accomplish service.

Proof of service must be filed with the Clerk of Court, in the form of an affidavit,

promptly after service has been made. *See* Fed. R. Civ. P. 4(l). It is important to comply with this requirement—absent proof of service, the Court will have no way of knowing that the complaint has been served.

This order serves as an express warning that the Court will dismiss this action, without further notice to Plaintiff(s), with respect to any Defendant that is not timely served. *See* Fed. R. Civ. P. 4(m).

## Case Management Conference

The Court will schedule a Rule 16 case management conference after Defendant(s) have been served or appeared. As will be directed in the order setting the conference, the parties will be required to engage in a Rule 26(f) meeting and submit a joint Rule 26(f) case management report. Outstanding motions or requests to continue the conference will not excuse the requirement to hold a Rule 26(f) meeting or submit the joint filing.

The Court will issue a case management order following the conference. The order will reflect the parties' input and the Court's considered assessment of the time necessary to complete discovery and all pretrial submissions, and will set forth additional policies and procedures that will apply in this case. The parties should keep in mind that civil trials ordinarily should occur within 18 months of the filing of the complaint. *See* 28U.S.C. § 473(a)(2)(B).

## Mandatory Initial Discovery Pilot Project ("MIDP")

This case is subject to the MIDP, which was approved by the Judicial Conference of the United States, has been implemented in the District of Arizona by General Order 17-08, and is adopted by this Court.[1] The MIDP seeks to evaluate whether the use of streamlined preliminary discovery will reduce costs and delays in civil litigation. The following materials are attached to this Order:

---

[1] The MIDP applies to all civil cases filed on or after May 1, 2017, except to those categories of cases exempted by the General Order, which include: cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act, cases transferred for consolidated administration by the Judicial Panel on Multidistrict Litigation, and cases under the 1980 Hague Convention on the Civil Aspects of International Child Abduction.

2

- Notice to Parties - Mandatory Initial Discovery Pilot Project
- General Order 17-08 (Nov. 1, 2018)
- Mandatory Initial Discovery Pilot Project Checklist
- Mandatory Initial Discovery Users' Manual for the District of Arizona

It is the responsibility of the parties to carefully read the materials attached to this Order to ensure familiarity and full compliance with the requirements of the MIDP.

## Initial Discovery

The MIDP requires the parties to exchange certain categories of preliminary court-ordered discovery referred to as "Mandatory Initial Discovery Responses" (hereinafter "MIDP Responses"). This requirement supersedes the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and is designed to accelerate the exchange of relevant information that would otherwise be produced later in the litigation through traditional discovery requests.[2]

## Rule 12 Motions Are Discouraged

Any motion under Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. The Court therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment, the movant must confer with the opposing party to determine whether such motion can be avoided; and (2) the movant must attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. *See also* Local Rule 12(c). The requirement to meet and confer and attach a certificate of conferral applies in equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals and certificates before the complaint was amended. Any motion lacking the required

---

[2] The MIDP sets forth two circumstances in which MIDP Responses may be excused or deferred. However, unlike initial disclosures required by the federal rules, *see* Fed. R. Civ. P. 26(a)(1)(A)-(C), the parties may not opt out of the requirement to provide MIDP Responses, or the MIDP itself.

certification may be summarily stricken.

## Protective Orders

As a general practice, this Court does not approve or adopt blanket protective orders or confidentiality agreements, even when stipulated to by the parties. Further, the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not mean the Court will automatically order that filings containing such information be placed under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In the event that discovery requires disclosure of specific, harmful, confidential material, the Court will entertain a request for a protective order at that time if it is tailored to protect the particular interests at hand in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. An exemplar is available on the Judges' Orders, Forms & Procedures page on the Court's intranet site.

## Emergencies and Expedited Consideration

Any party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration*. This notice should set forth the grounds warranting accelerated resolution and identify the dates of the imminent events pertinent to the request. A request for expedited consideration that is simply mentioned in the caption/title of the related filing will not be considered—a separate notice must be filed.

## Noncompliance

The parties are specifically advised that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court. *See also* Local Rule 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

**IT IS THEREFORE ORDERED:**

1. That Plaintiff(s) must promptly serve a copy of this Order and its Attachments on Defendant(s) and file notice of service with the Clerk of Court;

2. That, unless the Court orders otherwise, on **February 20, 2019**, the Clerk of Court shall **terminate** without further notice any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure;

3. That, unless the Court orders otherwise, the parties shall file with the Clerk of Court a notice of service of MIDP Responses, supplemental MIDP Responses, and production of ESI, rather than copies of the actual disclosures.

Dated this 26th day of November, 2018.

Dominic W. Lanza
United States District Judge