# SETTLEMENT AGREEMENT

The Navajo Nation, a federally recognized Indian Tribe; Joyce Nez, an individual; Denise Johnson, an individual; Ashley Atene, Sr., an individual; Irene Roy, an individual; Bonnie Tsosie, an individual; and Dale Smith an individual (collectively, the "Plaintiffs") hereby enter into this Settlement Agreement (the "Agreement") with Arizona Secretary of State Katie Hobbs (the "Secretary").

## RECITALS

A.  The Navajo Nation is a federally recognized Indian Tribe with a government-to-government relationship with the United States. The Navajo Reservation was established by the Treaty of 1868 and was thereafter expanded by successive executive orders. The Reservation consists of approximately 27,000 square miles of sovereign territory. The Reservation is located in Apache, Navajo, and Coconino counties in Arizona, and 8 counties in Utah and New Mexico. According to the 2010 census, the population of the Reservation is 173,667 of whom 101,835 live on the Arizona portion of the Reservation. The Navajo Nation has a voting age population of 67,252 living within the Arizona portion of the Reservation.

B.  Joyce Nez, Ashley Atene, Sr., Dale Smith, Denise Johnson, Irene Roy, and Bonnie Tsosie are enrolled members of the Navajo Nation.

C.  Arizona Secretary of State Katie Hobbs is the chief state election officer with various duties related to the conduct of the state's elections. *See, e.g.*, A.R.S. § 16-142.  The Secretary is also responsible to print and publish a publicity pamphlet

containing specified information about ballot measures and proposed constitutional amendments. A.R.S. § 19-123.

D. On November 20, 2018, the Plaintiffs filed a lawsuit in federal district court against the Secretary and other defendants alleging that certain Arizona electoral practices violated the federal and state constitutions as well as the Voting Rights Act. That lawsuit is known as *The Navajo Nation, et al., v. Hobbs, et al.*, No. CV-18-08329-PCT-DWL (D. Ariz.) (the "Litigation").

E. The Secretary denies that her prior practices, challenged in the Litigation, were unlawful.

F. The Secretary desires to craft policies and procedures that will help all eligible Arizona voters, including enrolled members of the Navajo Nation, to effectively cast their ballots.

G. The Plaintiffs and the Secretary (together, the "Parties") enter into this Agreement to resolve the Litigation. This resolution will allow the Parties to avoid the expense of additional litigation and receive certainty as to the resolution of their dispute.

H. WHEREFORE, for this and other valuable consideration, including the mutual promises and obligations of this Agreement, the Parties agree and covenant to the Terms and Conditions specified below.

## DEFINITIONS

1. "Elections Procedures Manual" means the manual the Secretary develops in consultation with county elections officials, which contains rules related to voter registration, voting, and the tabulation and storing of ballots. The Elections Procedures

Manual has the force of law and is binding on county elections officials. *See* A.R.S. §16-452.

2. "Early ballot affidavit" means the affidavit described in A.R.S. §§ 16-550 – 552, and is that affidavit that must be signed by electors utilizing an early ballot to vote.

3. "Publicity Pamphlet" means the pamphlet required by A.R.S. § 19-123.

4. "Secretary" means the Arizona Secretary of State and her office.

5. "Voter Registration Database" means the electronic storage system developed and administered by the Secretary that contains the official voter registration record for every voter in the state. *See* A.R.S. § 16-168(J).

## TERMS AND CONDITIONS

1. **Missing-Signature Cure Opportunity.** The Secretary shall cause language to be included in the next Draft Elections Procedures Manual, which will be sent to the Governor and Attorney General for their approval as required by A.R.S. § 16-452, that specifies that voters who fail to sign their early ballot affidavits ("missing signatures") shall be afforded the same opportunity to cure their signature deficiency as that afforded to voters whose early ballot affidavit signatures do not match their signature in the Voter Registration Database ("inconsistent signatures").

   a. Senate Bill 1054, which was signed into law on April 1, 2019, provides that the county elections officials shall make reasonable efforts to contact voters with inconsistent signatures, advise them of their inconsistent signature, and allow them to correct (or the County to confirm) their inconsistent signature not later than the fifth business day after a primary, general, or special election that includes a federal office or

the third business day after any other election. SB1054, Fifty-fourth Legislature, First Regular Session (2019), *codified at* A.R.S. § 16-550(A).

        b.     The Secretary shall cause the draft Elections Procedures Manual to contain language essentially similar to the following:

> If a voter fails to sign an early ballot affidavit, the County Recorder or other officer in charge of elections shall make reasonable efforts to contact the voter, advise the voter of the missing signature, and allow the voter to cure the deficiency. The County Recorder or other officer in charge of elections shall allow signatures to be corrected not later than the fifth business day after a primary, general, or special election that includes a federal office or the third business day after any other election.

        c.     The Plaintiffs understand and acknowledge that the Secretary cannot, by herself, enact a new Elections Procedures Manual. Rather, the Secretary must consult with the county election officials before prescribing the rules in a new draft manual, and the Governor and Attorney General must give their approval to the draft manual before the Secretary can issue it as the Elections Procedures Manual. Accordingly, the Plaintiffs reserve their right to file a new lawsuit should the next Elections Procedures Manual not specify that missing signatures are allowed to be cured in the same manner and timeframe as inconsistent signatures.

    2.     **Navajo-Language Publication of the Publicity Pamphlet.** The Secretary shall continue to use certified Navajo translators to coordinate and make available the Navajo-language translation of ballot measure language in the Publicity Pamphlet, as provided by A.R.S. § 19-123(A), *except that* this requirement shall not extend to "[t]he

arguments for and against the measure or amendment" submitted by members of the public as provided by A.R.S. § 19-123(A)(3).

3.   **Dismissal of the Litigation.**   The Parties shall work together to dismiss the Litigation as to the Secretary with prejudice pursuant to Federal Rule of Civil Procedure 41 or such other procedure as the Parties my deem appropriate.

4.   **Jurisdiction.**   The Parties agree that this Agreement concerns matters related to voting and elections, and so is governed by the laws of the United States as well as the state of Arizona.  The Parties further agree that the exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Arizona, which shall retain jurisdiction over this Agreement and shall enter such further relief as may be necessary for the effectuation of the terms of this Agreement.  For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

5.   **Successors and Assigns.**   This Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, representatives, successors, and assigns.  The Secretary will continue to be bound by all terms of this Agreement during the term of this Agreement, without regard to the individual holding the office of Arizona Secretary of State.

6.   **Intended Beneficiaries of the Agreement.**   This Agreement is solely intended to be for the benefit of the Parties, their successors, and assigns.  The Parties do not release any claims against any other person or entity.  Each party and signatory to this

5

Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

7. **Complete Agreement.**  The Agreement constitutes the complete agreement between the Parties.  This Agreement may not be amended except by written consent of the Parties.

8. **Authority to Execute Agreement.**  The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

9. **Counterpart Execution.**  The Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

10. **Disclosure.**  Both Parties consent to the other's disclosure of this Agreement, and information about this Agreement, to the public.

11. **Severability.**  If any terms of the Agreement is to any extent invalid for any reason, including illegality or conflict with applicable law or regulation, or is otherwise unenforceable, then: such particular term shall be excluded to the extent of such invalidity or unenforceability; all other terms of the Agreement shall remain in full force and effect; and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term.

12. **Attorneys' Fees and Costs.**  Each Party shall bear their own attorneys' fees and costs.

13.     **Effective Date.**  The Agreement is effective on the date of signature of the last signatory to the Agreement, and supersedes all prior versions of the Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of the Agreement.

* * * TWO SIGNATURE PAGES FOLLOW * * *

For the Navajo Nation:

_____     8/1/2019
Attorney General Doreen McPaul     Date
Assistant Attorney General Paul Spruhan
Navajo Nation Dept. of Justice
P.O. Drawer 2010
Window Rock, Arizona 86515

For the Individual Plaintiffs
Joyce Nez, Denise Johnson,
Ashley Atene, Sr., Irene Roy,
Bonnie Tsosie, and Dale Smith:

_____     6 August 2019
Patty A. Ferguson-Bohnee            Date
Judith M. Dworkin
Joe W. Keene
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693

8

**For the Arizona Secretary of State:**

_____  
The Honorable Katie Hobbs  
Arizona Secretary of State  
1700 W. Washington St., 7th Floor  
Phoenix, Arizona 85007

Date _August 1, 2019_

PHX - #8023467-v3