**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation, et al., | No. CV-18-08329-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Michele Reagan, et al., | |
| Defendants. | |

On August 6, 2019, Plaintiffs and one Defendant, Arizona Secretary of State Katie Hobbs ("Hobbs"), filed a "Joint Notice of Settlement Agreement and Stipulation of Dismissal with Proposed Order." (Doc. 44.) This filing announced that those parties had reached a settlement and asked the Court to enter an order of dismissal with prejudice as to Plaintiffs' claims against Hobbs. (*Id.*) However, the parties also asked the Court to "retain jurisdiction to oversee compliance with the terms of the [settlement agreement]." (*Id.*)

This request gives the Court some pause. Although it is true that a federal court may retain jurisdiction over a case that has settled, this is not the usual approach. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("[A]utomatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so."). Thus, "if parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court to

make a reasoned determination as to whether retention is appropriate." *Cross Media Marketing Corp. v. Budget Marketing, Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004). And a district court may "properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it." *Id. See also Camacho v. City of San Luis*, 359 Fed. App'x 794, 798 (9th Cir. 2009) ("[I]t was the court's prerogative not to retain jurisdiction over any disputes raised by the [settlement]."). Indeed, courts routinely deny such requests.[1]

Here, the parties have not attempted to explain why the Court's continued jurisdiction is required, how long they expect such jurisdiction to be necessary, or why they would be unable to achieve adequate relief in state court—which is the traditional avenue for seeking relief following the breach of a contract—should any of the settling parties renege on their contractual responsibilities. *Cf. Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 380-82 (D.N.J. 2011) (emphasizing that "[a] settlement agreement is a contract, and a dispute over the settlement agreement is governed by state contract law," that "[t]he Federal Rules of Civil Procedure and federal case law . . . establish that a court is under no obligation to retain jurisdiction over a settlement agreement," and that even if a court chooses in its discretion to retain jurisdiction, "there is no authority that states that a court shall exercise jurisdiction indefinitely"). Absent such an explanation, the Court is not inclined to accept the terms of the parties' proposed order.

…

…

---

[1] *See, e.g., SEC v. Gustafson*, 2018 WL 1629144, *1 (D. Minn. 2018) (rejecting continued-jurisdiction request where the underlying case was not "a long-running matter" and the parties had not "explain[ed] or attempt[ed] to limit the scope of the jurisdiction that the Court would retain"); *Domantay v. NGSI, Inc.*, 2014 WL 12621209, *1 (M.D. Fla. 2014) (rejecting continued-jurisdiction request in part because "[t]he parties do not provide any arguments or reasons why it is necessary for the Court to retain jurisdiction over the settlement"); *International Broth. of Elec. Workers, Local 90 v. National Elec. Contractors Ass'n*, 2008 WL 918481, *15 (D. Conn. 2008) (declining to retain jurisdiction to monitor enforcement of judgment and noting that "[i]f the defendants fail to comply, in any way," plaintiff "may exercise any of its post-judgment procedural options to enforce the judgment").

Accordingly, if the parties wish to take another run at convincing the Court to accept the proposed retention-of-jurisdiction provision, they must file a memorandum, not to exceed five pages, by **August 16, 2019**.

Dated this 13th day of August, 2019.

_____
Dominic W. Lanza
United States District Judge