Patty A. Ferguson-Bohnee (AZ 020996)
Patty.Ferguson@SacksTierney.com
Judith M. Dworkin (AZ 010849)
Judith.Dworkin@SacksTierney.com
Joe W. Keene (AZ 032623)
Joe.Keene@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600

Paul Spruhan (NM 12513)
pspruhan@nndoj.org
Navajo Nation Dept. of Justice
P.O. Drawer 2010
Window Rock, Arizona 86515
Telephone: (928) 871-6210
Facsimile: (928) 871-6177
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Navajo Nation, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Katie Hobbs, et al., <br><br> Defendants. | No. CV-18-08329-PCT-DWL <br><br> **JOINT MEMORANDUM SUPPORTING THE RETENTION OF JURISDICTION** |

Pursuant to this Court's August 13, 2019 Order, the Plaintiffs (the Navajo Nation and individual Navajo Nation members) and Defendant Arizona Secretary of State Katie Hobbs (collectively the "Parties"), submit this Joint Memorandum explaining why the Court should retain jurisdiction over the Parties' Settlement Agreement.

The Parties agreed to continuing jurisdiction by this Court because the underlying matter involves issues of federal voting rights under Section 203 and 4(f)(4) of the Voting Rights Act and constitutional rights. Because voting is of state-wide importance and the Settlement seeks to resolve matters involving federal law, the Parties agreed that retaining federal jurisdiction would be preferable to filing a new lawsuit to enforce the Settlement Agreement if continuing jurisdiction is not granted. The request for continuing jurisdiction

is supported by the following Memorandum and Points of Authority.

## MEMORANDUM AND POINTS OF AUTHORITIES

1. **This Court may retain jurisdiction over the Settlement Agreement.**

In *Kokkonen*, the Supreme Court held that while normal enforcement of settlement agreements "is for state courts," federal district courts may retain jurisdiction to enforce settlement agreements after a case has been dismissed. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). The *Kokkonen* Court noted that retention of jurisdiction may occur when a court "embod[ies] the settlement contract in its dismissal order (or, what has the same effect, retain[s] jurisdiction over the settlement contract) if the parties agree" and the court concurs. *Id*. at 381-382. Here, the Parties ask the Court to "expressly retain jurisdiction."

Retention of jurisdiction is particularly appropriate when one or more of the parties is a government entity. The Ninth Circuit has held that "courts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment." *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). "In the first place, it is the policy of the law to encourage settlements," and "[t]hat policy has particular force where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement." *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990). Here, the parties include the Navajo Nation, a federally recognized Indian Tribe, and Defendant Katie Hobbs in her official capacity as the Secretary of State, an elected official.

Retaining jurisdiction would promote judicial economy, allow timely relief, and prevent inconsistent decisions. Election matters generally have tight timelines, and the Parties may not be able to obtain timely relief if forced to file a new lawsuit, which would undermine the Settlement Agreement.

2. **The Settlement Agreement is focused on federal law matters in the public interest, which supports the Court retaining jurisdiction.**

Federal courts are better suited to enforce federal voting rights violations than state

2
2489441.v1

courts. The Settlement Agreement approved by the parties involves federal law claims that are of substantial public interest. The Parties are not "private actors" trying to enforce a private contractual matter or a private dispute. *See Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 383 (D.N.J. 2011) (noting that the case involves "a private dispute lacking substantial public interest."). The underlying dispute and the Settlement Agreement involve federal statutory and constitutional claims regarding the right to vote, which involves matters in the public interest and are subject to federal question jurisdiction. 28 U.S.C. § 1331. As the Supreme Court has stated with regards to voting rights,

> No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined.

*Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

The underlying dispute and the Settlement Agreement in this case touch on fundamental federal political rights – voting rights. In this case, the retention of jurisdiction is in the public interest. *See Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (noting that "the public has a strong interest in exercising the fundamental political right to vote.")(quoting *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006)).

3. **The Settlement Agreement is limited in scope and is reasonable.**

Pursuant to the Settlement Agreement, the Secretary of State has two obligations. First, prior to the 2020 Election, the Secretary of State "shall cause language to be included in the next Draft Elections Procedures Manual" regarding the curing of unsigned ballots Settlement Agreement at ¶1. The time limitation for this action to occur will be before November 2020. Second, the Secretary "shall continue to use certified Navajo translators to coordinate and make available the Navajo-language translation of ballot measure language in the Publicity Pamphlet." Settlement Agreement at ¶2. The Navajo language is a covered language under Sections 203 and 4(f)(4) of the Voting Rights Act. In order to ensure that Navajo voters have access to the state-wide ballot measures in the Navajo language, the Secretary will coordinate this effort. The obligations set forth in the Settlement Agreement arise under federal statutory and constitutional law, and this Court is more equipped to deal

3

2489441.v1

with the enforcement of the Settlement Agreement than requiring the parties to file a new action to obtain relief.

In *Defenders of Wildlife v. Jewell*, the Arizona District Court approved a "Joint Motion to Enter Stipulated Settlement Agreement" between the Plaintiffs, a non-profit corporation Defenders of Wildlife, and the Defendant, then Secretary of the Interior Sally Jewell. No. CV-14-02472-TUC-JGZ, 2016 WL 7852469, at *5 (D. Ariz. Oct. 18, 2016). In *Jewell*, the Court found that the Agreement was "fair, equitable, and reasonable, and consistent with the objectives of the [Endangered Species Act]," and the Court "retain[ed] jurisdiction to oversee the compliance with the Agreement." *Id*. The Agreement in *Jewell*, like the Parties' Settlement Agreement, requested that the District Court "retain jurisdiction."[1] *Id.* at *9. Similarly, the Parties are requesting that this Court find that the Settlement Agreement is fair, equitable and reasonable, and agree to retain jurisdiction over this matter because it involves government actors and is in the public interest.

**CONCLUSION**

For the reasons set forth herein, the Parties respectfully request that the Court retain jurisdiction.

Respectfully submitted this 16th day of August, 2019.

By: *s/ Patty A. Ferguson-Bohnee*
    Patty A. Ferguson-Bohnee
    Judith M. Dworkin
    Joe Keene

    and

    Paul Spruhan
    NAVAJO NATION
    DEPARTMENT OF JUSTICE

*Attorneys for the Plaintiffs*

By: *s/ Joseph E. La Rue with permission*
    Mark Brnovich, Attorney General
    Joseph E. La Rue
    Kara Karlson
    Assistant Attorneys General

*Attorneys for Defendant
Arizona Secretary of State Katie Hobbs*

---

[1] When a court approves a settlement agreement and then retains jurisdiction, the court has entered "the functional equivalent of a consent decree." *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002); *see also Roberson v. Giuliani*, 346 F.3d 75, 82 (2d Cir. 2003).

4

2489441.v1

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, I electronically transmitted the foregoing JOINT MEMORANDUM to the Clerk's Office using the CM/ECF System for filing.


*s/ Frances Fulwiler*

2489441.v1