**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation, et al., | No. CV-18-08329-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Michele Reagan, et al., | |
| Defendants. | |

The Court has reviewed the parties' joint memorandum supporting the retention of jurisdiction (Doc. 47) and has some additional questions.

As background, the Secretary of State has two obligations under the proposed settlement agreement (Doc. 44-2). First, the paragraph entitled "Missing-Signature Cure Opportunity" requires the Secretary of State to "cause language to be included in the next Draft Elections Procedures Manual" regarding the curing of unsigned ballots. (*Id.* at 3.) Second, the paragraph entitled "Navajo-Language Publication of the Publicity Pamphlet" states that "[t]he Secretary of State shall continue to use certified Navajo translators to coordinate and make available the Navajo-language translation of ballot measure language in the Publicity Pamphlet, as provided by A.R.S. § 19-123(A), except that this requirement shall not extend to '[t]he arguments for and against the measure or amendment' submitted by members of the public as provided by A.R.S. § 19-123(A)(3)." (*Id.* at 4-5.)

The Court is willing to retain jurisdiction concerning the first obligation because it is a one-time obligation the Secretary of State must perform at least 90 days before the next

election. *See* A.R.S. § 16-452(B) ("The secretary of state shall submit the manual to the governor and the attorney general not fewer than ninety days before each election."). Retention of jurisdiction is appropriate given this time limitation. Nevertheless, the Court wishes to have the parties confirm that the Secretary's obligation is limited to including the proposed language in the *draft* version of the next Elections Procedure Manual, not guaranteeing that it appears in the *final* version of the next Elections Procedure Manual. The parties seem to recognize this limitation in the paragraph appearing on page four of the settlement agreement, which provides that "[t]he Plaintiffs understand and acknowledge that the Secretary cannot, by herself, exact a new Elections Procedures Manual," that "the Governor and Attorney General must give their approval to the draft manual before the Secretary can issue it," and that "the Plaintiffs reserve their right to file a new lawsuit should the next Elections Procedure Manual not specify that missing signatures are allowed to be cured in the same manner and timeframe as inconsistent signatures." (Doc. 44-2 at 4.) The Court reads this paragraph as acknowledging that, if the Secretary of State includes the requested language in the draft version of the next Elections Procedure Manual but it doesn't make it into the final version, Plaintiffs would not be able to seek relief from this Court under a breach-of-settlement-agreement theory and instead would be required to "file a new lawsuit."

As for the second obligation, an agreement to "*continue* to use certified Navajo translators to coordinate and make available the Navajo-language translation of ballot measure language in the Publicity Pamphlet" (Doc. 44-2 at 4, emphasis added) suggests the Secretary of State is already following the law and is simply agreeing to continue to do so in the future. It's unclear why federal oversight is required in this circumstance. Also concerning is the fact that, unlike the first obligation, this obligation doesn't seem to have any time limitation attached to it. Thus, if the Court were to agree to retain jurisdiction over this portion of the settlement agreement, it would presumably be agreeing to retain jurisdiction over every future dispute in Arizona concerning Navajo-language translation

issues during elections. This doesn't seem like an appropriate exercise of jurisdiction,[1] particularly where the underlying settlement agreement is arguably vague as to what the Secretary of State is agreeing to do (and not do)—an agreement to "coordinate and make available" certain translated materials begs the question of what constitutes an appropriate level of coordination and availability.

The parties are invited to file another joint memorandum addressing the issues identified in this order. Any such memorandum must be filed by **August 30, 2019**.

Dated this 22nd day of August, 2019.

_____
Dominic W. Lanza
United States District Judge

---

[1] *Cf. Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 380-82 (D.N.J. 2011) ("[T]here is no authority that states that a court shall exercise jurisdiction indefinitely.").