# SETTLEMENT AGREEMENT

The Navajo Nation, a federally recognized Indian Tribe; Joyce Nez, an individual; Denise Johnson, an individual; Ashley Atene, Sr., an individual; Irene Roy, an individual; Bonnie Tsosie, an individual; and Dale Smith, an individual (collectively, the "Plaintiffs"), enter into this Settlement Agreement (the "Agreement") with Coconino County Recorder Patty Hansen, Coconino County Elections Director Thad Hall, the Coconino County Board of Supervisors, and the Coconino County Board of Supervisors Chairman Art Babbott (collectively, the "Coconino County Defendants").

## RECITALS

A.   Plaintiff, the Navajo Nation, is a federally recognized Indian Tribe with a government-to-government relationship with the United States. The Navajo Reservation was established by the Treaty of 1868 and was thereafter expanded by successive executive orders. The Reservation consists of approximately 27,000 square miles of sovereign territory. The Reservation is located in Apache, Navajo, and Coconino counties in Arizona, and 8 counties in Utah and New Mexico. According to the 2010 census, the population of the Reservation is 173,667 of whom 101,835 live on the Arizona portion of the Reservation. The Navajo Nation has a voting age population of 67,252 living within the Arizona portion of the Reservation.

B.   Plaintiffs, Joyce Nez, Ashley Atene, Sr., Dale Smith, Denise Johnson, Irene Roy, and Bonnie Tsosie, are enrolled members of the Navajo Nation.

C.   Coconino County Defendant Patty Hansen is the Recorder for Coconino County and may establish early voting locations in Coconino County pursuant to A.R.S. § 16-542(A).

D.   Coconino County Defendant Thad Hall is the Elections Director for Coconino County and is in charge of conducting elections in Coconino County.

E.   Coconino County Defendant, the Coconino County Board of Supervisors, is the duly elected governing body of Coconino County, a body politic, organized and existing under the laws of the State of Arizona. The Board of Supervisors is charged with the overall responsibility of the county election process, except for those functions designated by law to other elected officials.

F.   Coconino County Defendant Art Babbott was the Chairman of the Coconino County Board of Supervisors at all times relevant to this Agreement.

G.   On November 20, 2018, the Plaintiffs filed a lawsuit in the United States District Court, District of Arizona ("Court"), against the Coconino County Defendants and other defendants alleging that certain Arizona electoral practices violated the federal and state constitutions as well as the Voting Rights Act. That lawsuit is known as *The Navajo Nation, et al., v. Hobbs, et al.*, No. CV-18-08329-PCT-DWL (D. Ariz.) (the "Litigation"). The Plaintiffs filed an amended complaint on December 11, 2018.

H.   The Plaintiffs filed this action to enforce to enforce the statutory guarantee of language assistance for limited-English proficient (LEP) Navajo voting-age citizens under Sections 2, 203, and 4(f)(4) of the Voting Rights Act, 52 U.S.C. § 10301 *et seq.*, and the voting guarantees of the Fourteenth Amendment to the United States

Constitution; to improve access to voter registration and early voting sites under Section 2 of the Voting Rights Act and the Fourteenth Amendment to the United States Constitution; to enforce the guarantees of due process and equal protection under the First and Fourteenth Amendments to the United States Constitution in order to allow early voters to cure missing signatures; and to obtain injunctive and declaratory relief. The Plaintiffs also claim that the alleged violations violate Article 2, Section 21 of the Arizona Constitution.

I. Coconino County is a covered jurisdiction under Section 203 of the Voting Rights Act for the Navajo language on the Navajo Reservation. Coconino County has not bailed out of from coverage under Section 203(d) of the Voting Rights Act, 52 U.S.C. § 10503(d).

J. On the Navajo Reservation, Navajo voters had limited access to in-person voter registration opportunities prior to the 2018 General Election and limited access to in-person early voting sites during the 2018 General Election as compared to off-reservation voters.

K. The Coconino County Defendants deny that their prior practices, challenged in the Litigation, were unlawful.

L. The Coconino County Defendants desire to take actions to help remedy the concerns raised in the Litigation and these actions are intended to help Navajo Nation members effectively cast ballots in upcoming elections.

M. The Plaintiffs and the Coconino County Defendants (together, the "Parties") enter into this Agreement to resolve the Litigation. This resolution will allow

3

the Parties to avoid the expense of additional litigation and receive certainty as to the resolution of their dispute.

N. WHEREFORE, for this and other valuable consideration, including the mutual promises and obligations of this Agreement, the Parties agree and covenant to the Terms and Conditions specified below.

## DEFINITIONS

1. "Early Voting" means the process as laid out in A.R.S. § 16-541 et seq., which allows the establishment of on-site early voting locations under A.R.S. § 16-542(A).

2. "Elections Procedures Manual" means the manual the Secretary develops in consultation with county elections officials, which contains rules related to voter registration, voting, and the tabulation and storing of ballots. The Elections Procedures Manual has the force of law and is binding on county elections officials. *See* A.R.S. §16-452.

3. "General Election" shall mean the word as described in A.R.S. § 16-211, which states that "On the first Tuesday after the first Monday in November of every even-numbered year, a general election shall be held for the election of representatives in Congress, members of the legislature, and state, county and precinct officers whose terms expire at the end of the year in which the election is being held or in the following year."

4. "Primary Election" shall mean the word as described in A.R.S. § 16-201, which states that "On the tenth Tuesday prior to a general or special election at which candidates for public office are to be elected, a primary election shall be held."

4

5. "Presidential Preference" shall mean the word as described in A.R.S. § 16-241 which provides that such election shall be held "each year in which the President of the United States is elected to give qualified electors the opportunity to express their preference for the presidential candidate of the political party indicated as their preference."

## TERMS AND CONDITIONS

A. **In-Person Early Voting Polling Places**

The Coconino County Defendants shall:

1. Provide Early Voting for one full day per week for three weeks prior to the General Election by opening polling places at the following locations on the Navajo Reservation, including during the lunch hours:

   a. Leupp, Arizona;

   b. Inscription House, Arizona; and

   c. Cameron, Arizona.

2. Provide Early Voting on Saturdays prior to the General Election at:

   a. Tuba City, Arizona, from 8am to noon (Daylight Savings Time); and

   b. Flagstaff, Arizona (Mall location), from 10am to 5pm (Arizona time).

3. Consistent with their prior practice, continue to provide Early Voting during the entire Early Voting Period, including during the lunch period, in Tuba City, Arizona, and in Flagstaff, Arizona at the Flagstaff Mall location.

The Navajo Nation shall assist Coconino County in securing early voting polling place locations on the Navajo Nation Reservation. The Navajo Nation shall designate to Defendants a point of contact for such assistance. Plaintiffs understand that Defendants have a duty to ensure the accessibility of polling places, including through the use of temporary accessibility measures. Additionally, Plaintiffs understand that Defendants have a duty to provide notice to the Department of Justice, and obtain approval, of any new polling places locations. If the parties are unable to find an acceptable location for early voting in any of the communities named above, the failure to provide early voting in that community will not be considered a violation of this Agreement.

The parties further agree they may reconsider the communities listed above as additional early voting locations if such locations are ineffective or other communities would be more accessible to residents of the Nation.

B.  **Voter Registration Plan**

The Coconino County Defendants shall develop a voter registration plan for each election cycle to identify events and locations that maximize voter registration efforts. Voter registration locations to be considered include flea markets, Chapter Houses, senior centers, food distribution sites, and at community events. The County Defendants shall provide a copy of this Plan to the Navajo Nation who shall have an opportunity to comment and provide feedback prior to implementation. The lack of any response from the Nation shall not delay implementation of the Plan.

C. **Radio Advertisements**

For each Presidential Preference, Primary Election, and General Election, the Coconino County Defendants shall:

1. Consistent with their prior practice, continue to provide timely radio advertisements in the Navajo language on KTNN Radio (Window Rock), KAFF Radio (Flagstaff), and KPGE Radio (Page), which will inform voters about the following topics:

    a. Voter registration locations and deadlines;

    b. Directions to look for early ballots in the mail;

    c. Deadlines to mail in early ballots; and

    d. Early voting locations and hours.

2. Provide timely one-minute radio advertisements in the Navajo language on KTNN Radio, KAFF Radio, and KPGE Radio, which will inform voters about the following topics:

    a. The Special Election Board can assist tribal members with voting at their homes;

    b. Where to obtain complete voting instructions; and

    c. Reminding voters to sign their early ballot affidavit.

D. **Information Flyers**

Consistent with their prior practice, the Coconino County Defendants shall continue to provide election information flyers regarding voting registration information and election deadlines to senior centers and Chapter Houses serving voters who live on the Navajo Reservation within Coconino County.

E.   **Navajo Interpreters**

Consistent with its prior practice, Coconino County will continue to provide Navajo translators at each polling location located on the Navajo Nation Reservation and will continue to prepare an interpreter's guide for Navajo language interpreters. Coconino County will use a trained Navajo interpreter to train poll workers located on the Navajo Nation Reservation in order to provide effective language assistance in the Navajo language to Navajo voters.

F.   **Curing Signatures**

As required by Arizona law, the Coconino County Defendants will comply with the Elections Procedures Manual developed by the Secretary of State. If the Election Procedures Manual is silent on allowing a voter to cure a ballot with an unsigned ballot affidavit, the Coconino County Defendants shall treat unsigned ballots in the same manner it treats signed ballots with mismatched signatures, by providing to the voter a notice of ballot deficiency and an opportunity to correct that deficiency.

G.   **Dismissal of the Litigation**

The Parties shall request that the Court dismiss this case with prejudice. However, it is understood and agreed that this Agreement is expressly conditioned upon the Court retaining jurisdiction to enforce the terms of this Agreement as described in Section I, which shall also be incorporated into the Court's Order of Dismissal.

H.   **Jurisdiction.**   The Parties agree that this Agreement concerns matters related to voting and elections, and so is governed by the laws of the United States as well as the state of Arizona. The Parties further agree that the exclusive jurisdiction and

venue for any dispute relating to this Agreement is the United States District Court for the District of Arizona. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

I. **Retention of Jurisdiction**

The Court shall retain jurisdiction over Sections A and F of this Agreement and shall enter such further relief as may be necessary for the effectuation of the terms contained in those Sections of this Agreement.

J. **Successors and Assigns**

This Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, representatives, successors, and assigns. The Coconino County Defendants will continue to be bound by all terms of this Agreement during the term of this Agreement, without regard to the individuals holding the different offices of Coconino County.

K. **Intended Beneficiaries of the Agreement**

This Agreement is solely intended to be for the benefit of the Parties, their successors, and assigns. The Parties do not release any claims against any other person or entity. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

L. **Complete Agreement**

The Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

M. **Authority to Execute Agreement**

The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

N. **Counterpart Execution**

The Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

O. **Disclosure**

Both Parties consent to the other's disclosure of this Agreement, and information about this Agreement, to the public.

P. **Severability**

If any terms of the Agreement is to any extent invalid for any reason, including illegality or conflict with applicable law or regulation, or is otherwise unenforceable, then: such particular term shall be excluded to the extent of such invalidity or unenforceability; all other terms of the Agreement shall remain in full force and effect; and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term.

P. **Attorneys' Fees and Costs.**

Each Party shall bear their own attorneys' fees and costs.

Q. **Effective Date.**

2495533.v1

The Agreement is effective on the date of signature of the last signatory to the Agreement, and supersedes all prior versions of the Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of the Agreement.

R.     **Duration of the Agreement**

The duties and obligations under this Agreement shall be in place through the 2022 General Election, and this Agreement shall expire on December 31, 2022.

* * * TWO SIGNATURE PAGES FOLLOW * * *

**For the Navajo Nation:**

_____      8/11/19
Attorney General Doreen McPaul     Date
Assistant Attorney General Paul Spruhan
Navajo Nation Dept. of Justice
P.O. Drawer 2010
Window Rock, Arizona 86515


**For the Individual Plaintiffs**
Joyce Nez, Denise Johnson,
Ashley Atene, Sr., Irene Roy,
Bonnie Tsosie, and Dale Smith:

_____      11 Sept 2019
Patty A. Ferguson-Bohnee     Date
Judith M. Dworkin
Joe W. Keene
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693

12

2495533.v1

**FOR THE COCONINO COUNTY RECORDER**

_____     9-11-19
Patty Hansen                                              Date
Coconino County Recorder
110 East Cherry Avenue
Flagstaff, AZ 86001


**FOR THE COCONINO COUNTY ELECTIONS DIRECTOR**

_____     9/11/2019
Thad Hall                                                   Date
Coconino County Elections Director
110 East Cherry Avenue
Flagstaff, AZ 86001


**FOR THE COCONINO COUNTY BOARD OF SUPERVISORS**

_____     9/10/19
                                                                 Date


**FOR THE CHAIRMAN OF THE COCONINO COUNTY BOARD OF SUPERVISORS**

_____     9/10/19
Chairwoman Lena Fowler                       Date
Coconino County Board of Supervisors
219 East Cherry Avenue
Flagstaff, AZ 86001

13

**ATTEST:**

_[signature]_                                              9/10/19

Lindsay Daley, Clerk of the Board                          Date
Coconino County
219 E. Cherry Avenue
Flagstaff, AZ 86001


**APPROVED TO FORM:**

_[signature]_                                              9/10/2019

Rose Winkeler, Deputy County Attorney                      Date
Coconino County
110 E. Cherry Avenue
Flagstaff, AZ 86001

14