# SETTLEMENT AGREEMENT

The Navajo Nation, a federally recognized Indian Tribe; Joyce Nez, an individual; Denise Johnson, an individual; Ashley Atene, Sr., an individual; Irene Roy, an individual; Bonnie Tsosie, an individual; and Dale Smith, an individual (collectively, the "Plaintiffs"), enter into this Settlement Agreement (the "Agreement") with Apache County Recorder Edison J. Wauneka, Apache County Elections Director Angela Romero, the Apache County Board of Supervisors, and the Apache County Board of Supervisors Chairman Joe Shirley, Jr. (collectively, the "Apache County Defendants").

## RECITALS

A.  Plaintiff, the Navajo Nation, is a federally recognized Indian Tribe with a government-to-government relationship with the United States. The Navajo Reservation was established by the Treaty of 1868 and was thereafter expanded by successive executive orders. The Reservation consists of approximately 27,000 square miles of sovereign territory. The Reservation is located in Apache, Navajo, and Coconino counties in Arizona, and eight counties in Utah and New Mexico. According to the 2010 census, the population of the Reservation is 173,667 of whom 101,835 live on the Arizona portion of the Reservation. The Navajo Nation has a voting age population of 67,252 living within the Arizona portion of the Reservation.

B.  Plaintiffs, Joyce Nez, Ashley Atene, Sr., Dale Smith, Denise Johnson, Irene Roy, and Bonnie Tsosie, are enrolled members of the Navajo Nation.

C. Apache County Defendant Edison J. Wauneka is the Recorder for Apache County and may establish early voting locations in Apache County pursuant to A.R.S. § 16-542(A).

D. Apache County Defendant Angela Romero is the Elections Director for Apache County and is in charge of conducting elections in Apache County.

E. Apache County Defendant, the Apache County Board of Supervisors, is the duly elected governing body of Apache County, a body politic, organized and existing under the laws of the State of Arizona. The Board of Supervisors is charged with the overall responsibility of the county election process, except for those functions designated by law to other elected officials.

F. Apache County Defendant Joe Shirley, Jr. is the Chairman of the Apache County Board of Supervisors.

G. On November 20, 2018, the Plaintiffs filed a lawsuit in the United States District Court, District of Arizona ("Court"), against the Apache County Defendants and other defendants alleging that certain Arizona electoral practices violated the federal and state constitutions as well as the Voting Rights Act. That lawsuit is known as *The Navajo Nation, et al., v. Hobbs, et al.*, No. CV-18-08329-PCT-DWL (D. Ariz.) (the "Litigation"). The Plaintiffs filed an amended complaint on December 11, 2018.

H. The Plaintiffs filed this action to enforce to enforce the statutory guarantee of language assistance for limited-English proficient (LEP) Navajo voting-age citizens under Sections 2, 203, and 4(f)(4) of the Voting Rights Act, 52 U.S.C. § 10301 *et seq.*, and the voting guarantees of the Fourteenth Amendment to the United States Constitution; to

improve access to voter registration and early voting sites under Section 2 of the Voting Rights Act and the Fourteenth Amendment to the United States Constitution; to enforce the guarantees of due process and equal protection under the First and Fourteenth Amendments to the United States Constitution in order to allow early voters to cure missing signatures; and to obtain injunctive and declaratory relief. The Plaintiffs also claim that the alleged violations violate Article 2, Section 21 of the Arizona Constitution.

I.   Apache County is a covered jurisdiction under Section 203 of the Voting Rights Act for the Navajo language on the Navajo Reservation. Apache County has not bailed out of from coverage under Section 203(d) of the Voting Rights Act, 52 U.S.C. § 10503(d).

J.   On the Navajo Reservation, Navajo voters had limited access to in-person voter registration opportunities prior to the 2018 General Election and limited access to in-person early voting sites during the 2018 General Election as compared to off-reservation voters.

K.   The Apache County Defendants deny that their prior practices, challenged in the Litigation, were unlawful.

L.   The Apache County Defendants desire to take actions to help remedy the concerns raised in the Litigation and these actions are intended to help Navajo Nation members effectively cast ballots in upcoming elections.

M.   The Plaintiffs and the Apache County Defendants (together, the "Parties") enter into this Agreement to resolve the Litigation. This resolution will allow the Parties

to avoid the expense of additional litigation and receive certainty as to the resolution of their dispute.

N. WHEREFORE, for this and other valuable consideration, including the mutual promises and obligations of this Agreement, the Parties agree and covenant to the Terms and Conditions specified below.

## **DEFINITIONS**

1. "Early Voting" means the process as laid out in A.R.S. § 16-541 et seq., which allows the establishment of on-site early voting locations under A.R.S. § 16-542(A).

2. "Elections Procedures Manual" means the manual the Secretary develops in consultation with county elections officials, which contains rules related to voter registration, voting, and the tabulation and storing of ballots. The Elections Procedures Manual has the force of law and is binding on county elections officials. *See* A.R.S. §16-452.

3. "General Election" shall mean the word as described in A.R.S. § 16-211, which states that "On the first Tuesday after the first Monday in November of every even-numbered year, a general election shall be held for the election of representatives in Congress, members of the legislature, and state, county and precinct officers whose terms expire at the end of the year in which the election is being held or in the following year."

4. "Primary Election" shall mean the word as described in A.R.S. § 16-201, which states that "On the tenth Tuesday prior to a general or special election at which candidates for public office are to be elected, a primary election shall be held."

5. "Presidential Preference" shall mean the word as described in A.R.S. § 16-241 which provides that such election shall be held "each year in which the President of the United States is elected to give qualified electors the opportunity to express their preference for the presidential candidate of the political party indicated as their preference."

**TERMS AND CONDITIONS**

1. **In-Person Early Voting Polling Places**

The Apache County Defendants shall:

A. Provide Early Voting (Monday-Friday) for the entire Early Voting period prior to the General Election by opening polling places at the following locations on the Navajo Reservation, including during the lunch hours:

    i. Fort Defiance, Arizona; and

    ii. Chinle, Arizona.

B. Provide Early Voting for one day a week during the entire Early Voting period prior to the General Election by opening polling places at the following locations on the Navajo Reservation, including during lunch hours:

    i. Teec Nos Pos, Arizona; and

    ii. Sanders, Arizona.

C. If necessary, due to staffing limitations, the Apache County Defendants may assign staff from the Fort Defiance and Chinle locations to use at the Teec Nos Pos and Sanders locations, and the Parties understand that if such substitution is made, the Fort Defiance and Chinle locations would only be open for four days a week, not five. It is

further agreed that while the above locations must be open during traditional lunch hours, the locations may be closed for up to an hour any time after 1:00 pm.

2. **Voter Registration Plan**

The Apache County Defendants shall develop a voter registration plan for each election cycle, which shall be provided to the Navajo Nation, to identify events and locations that maximize voter registration efforts. Voter registration locations to be considered include flea markets, Chapter Houses, senior centers, food distribution sites, and at community events. The Navajo Nation shall have opportunity to comment and provide feedback prior to implementation of the voter registration plan. The lack of any response from the Navajo Nation shall not delay implementation of the Plan.

3. **Radio and Print Announcements**

For each Presidential Preference, Primary Election, and General Election, the Apache County Defendants shall:

A. Provide timely radio advertisements in the Navajo language on KTNN Radio 660 AM and 101.5 FM, on the following election-related information topics:

   i. Informing voters of voter registration locations and deadlines;

   ii. Informing voters to look for early ballots in the mail;

   iii. Informing voters of deadlines to mail early ballots;

   iv. Reminding voters to sign the early ballot affidavit; and

   v. Informing voters of early voting locations and hours.

B. Provide voter registration notices, voter registration deadlines, and general election information to newspapers serving the Apache County portion of the Navajo

Nation Reservation, to the Navajo Chapter Houses serving voters who live within the Apache County boundaries, and to senior citizens' centers on the Navajo Reservation within the Apache County boundaries.

4. **Navajo Interpreters**

Apache County will continue to provide Navajo translators at each polling place located on the Navajo Nation Reservation and will continue to prepare an interpreter's guide for Navajo language interpreters. Apache County will use a trained Navajo interpreter to train poll workers located on the Navajo Nation Reservation in order to provide effective language assistance in the Navajo language to Navajo voters. The Navajo Nation Human Rights Commission maintains a list of trained Navajo interpreters and shall provide this list of trained interpreters to Apache County.

5. **Curing Signatures**

If the Election Procedures Manual is silent on allowing a voter to cure a ballot with an unsigned ballot affidavit, the Apache County Defendants shall treat unsigned ballots in the same manner it treats signed ballots, by providing to the voter a notice of ballot deficiency and an opportunity to correct that deficiency.

6. **Dismissal of the Litigation**

The Parties shall request that the Court dismiss this case with prejudice. However, it is understood and agreed that this Agreement is expressly conditioned upon the Court retaining jurisdiction for a period of three (3) years from the effective dates of the Agreement to enforce the terms of this Agreement, which shall also be incorporated into the Court's Order of Dismissal.

7. **Jurisdiction**

The Parties agree that this Agreement concerns matters related to voting and elections, and so is governed by the laws of the United States as well as the state of Arizona. The Parties further agree that the exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Arizona, which shall retain jurisdiction over this Agreement and shall enter such further relief as may be necessary for the effectuation of the terms of this Agreement. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

8. **Retention of Jurisdiction**

The Court shall retain jurisdiction over this Agreement for a period of three (3) years from the effective date of the Agreement and shall enter such further relief as may be necessary for the effectuation of the terms of this Agreement.

9. **Successors and Assigns**

This Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, representatives, successors, and assigns. The Apache County Defendants will continue to be bound by all terms of this Agreement during the term of this Agreement, without regard to the individuals holding the different offices of Apache County.

10. **Intended Beneficiaries of the Agreement**

This Agreement is solely intended to be for the benefit of the Parties, their successors, and assigns. The Parties do not release any claims against any other person or

entity. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

11. **Complete Agreement**

The Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

12. **Authority to Execute Agreement**

The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

13. **Counterpart Execution**

The Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

14. **Disclosure**

Both Parties consent to the other's disclosure of this Agreement, and information about this Agreement, to the public.

15. **Severability**

If any terms of the Agreement is to any extent invalid for any reason, including illegality or conflict with applicable law or regulation, or is otherwise unenforceable, then: such particular term shall be excluded to the extent of such invalidity or unenforceability; all other terms of the Agreement shall remain in full force and effect; and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term.

16. **Attorneys' Fees and Costs.**

Each Party shall bear their own attorneys' fees and costs.

17. **Effective Date.**  The Agreement is effective on the date of signature of the last signatory to the Agreement, and supersedes all prior versions of the Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of the Agreement.

* * * TWO SIGNATURE PAGES FOLLOW * * *

**For the Navajo Nation:**

_Doreen N McPaul_      9/11/19
Attorney General Doreen McPaul      Date
Assistant Attorney General Paul Spruhan
Navajo Nation Dept. of Justice
P.O. Drawer 2010
Window Rock, Arizona 86515

**For the Individual Plaintiffs**
**Joyce Nez, Denise Johnson,**
**Ashley Atene, Sr., Irene Roy,**
**Bonnie Tsosie, and Dale Smith:**

_Patty Ferguson-Bohnee_      September 11, 2019
Patty A. Ferguson-Bohnee      Date
Judith M. Dworkin
Joe W. Keene
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693

**FOR THE APACHE COUNTY RECORDER**

_____  _____
Edison J. Wauneka                Date
Apache County Recorder
75 W Cleveland Street
St Johns, AZ 85936


**FOR THE APACHE COUNTY ELECTIONS DIRECTOR**

_/s/ Angela Romero_____  __9/12/19_____
Angela Romero                    Date
Apache County Elections Director
75 W Cleveland Street
St Johns, AZ 85936


**FOR THE CHAIRMAN OF THE APACHE COUNTY BOARD OF SUPERVISORS**

_/s/ Joe Shirley_____  __9/12/19_____
Chairman Joe Shirley             Date
Apache County Board of Supervisors
75 W Cleveland Street
St Johns, AZ 85936